UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOEL D. CORMIER, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-CV-00292-JRG-CLC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on Petitioner's Supplemental Motion to Vacate, Set Aside or Correct Her Sentence [Doc. 9], the United States' Response to Petitioner's Supplemental Motion to Vacate, Set Aside or Correct Her Sentence [Doc. 12], and Petitioner's Reply [Doc. 14]. For the reasons herein, the Court will deny Petitioner's motion.

### I.     Background

A federal inmate, petitioner Joel D. Cormier pleaded guilty to attempting to persuade a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). [Plea Agreement, Doc. 22, at 1, 2:15-CR-00003].[1] On October 19, 2015, the Court sentenced her to 216 months' imprisonment and a lifetime term of supervised release, and it entered judgment against her on October 22, 2015. [J., Doc. 45, at 1–3, 2:15-CR-00003]. About eleven months later, she filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, and roughly four months after filing this motion, she moved for leave to file a "supplemental motion." [Pet'r's Suppl. Mot. at 1]. In her own terms, she described her supplemental motion as "superceding"

---

[1] Ms. Cormier now identifies as transgender and has asked the Court to refer to her as a female throughout these proceedings. [Pet'r's Mot. for Video Conference, Doc. 17, at 1].

her "original § 2255 motion," [*id.* at 7], and the Court, after granting her leave to file it, ordered the United States to file a responsive pleading, [Order, Doc. 10, at 2].

In her supplemental motion, she alleges ineffective assistance of counsel, claiming that her attorney, Ms. Rosana Brown, was ineffective—in violation of her constitutional rights under the Sixth Amendment of the United States Constitution—because she did not file an appeal of her sentence. [Pet'r's Suppl. Mot. at 3–9]. She alleges that she "specifically" told Ms. Brown to "file notice of appeal immediately following [her] sentencing on October 19, 2015," and that in response, Ms. Brown informed her that an appeal would be futile. [*Id.* at 3–4]. Ms. Cormier pleads that she then instructed Ms. Brown to appeal her sentence "regardless of the chances of its success or failure," but Ms. Brown did not do so. [*Id.* at 5].

After reviewing Ms. Cormier's supplemental allegations, the Court determined that she had pleaded sufficient facts to warrant an evidentiary hearing,[2] and it therefore ordered the parties to appear for an evidentiary hearing on March 21, 2019. [Order, Doc. 16, at 1–2]. Under the Criminal Justice Act, 18 U.S.C. § 3006A *et seq.*, the Court appointed counsel to represent Ms. Cormier, who was present in person at the hearing, as was Ms. Brown. [*Id.*]. Ms. Cormier was the first witness to testify, while Ms. Brown, who was under the rule of sequestration, remained outside the courtroom. [Hr'g Tr. at 4:18–25; 5:1–2 (on file with the Court)].

At the outset, Ms. Cormier's testimony was largely a reiteration of her allegations. She testified that she had asked Ms. Brown to appeal her sentence immediately after her sentencing hearing, but Ms. Brown responded by telling her that "an appeal wasn't practicable." [*Id.* at 6:22–25; 7:1–7]. According to Ms. Cormier, she instructed her to file an appeal anyway, and as

---

[2] On a § 2255 motion, a petitioner's burden of establishing her right to an evidentiary hearing is "relatively light," which means that "when presented with factual allegations, 'a district court may only forego a hearing where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (internal quotation marks and quotations omitted).

2

the United States Marshals escorted Ms. Cormier from the courtroom, Ms. Brown assured her that they would talk again soon. [*Id.* at 7:5–7]. Ms. Cormier testified that the day after her hearing she had spoken to Ms. Brown by telephone and again directed her to file an appeal of her sentence, but once more, Ms. Brown told her that an appeal would be of no avail. [*Id.* at 7:18–25; 8:1–19].

Ms. Cormier then went on to testify that due to extenuating circumstances—including her intermittent transfer to and from various prisons, her need to remain segregated from other inmates, and her time spent convalescing in a hospital after suffering an attack from another inmate—she did not prepare her § 2255 motion until about a month before § 2255's statute of limitations was set to expire.[3] [*Id.* at 9:23–25; 10:1; 11:1–13; 12:19–22; 13:3–16; 13:20–25; 14:1–6; 14:12–25; 15:1–4; 16:1–25; 17:1–21; 19:2–11]. With an understanding that "it was imperative to file" a timely § 2255 motion—that is, before the one-year statutory deadline reached its end—Ms. Cormier hurried to procure a standardized "2255 form," "completed it to the best of [her] ability," and filed it with the Court on September 15, 2016. [*Id.* at 18:5; 18:18–19; 19:5–8; 19:21–23]. "The ins and outs, the intrinsic details, were as of that point completely lost to me. I just knew I had to get it filed," Ms. Cormier testified. [*Id.* at 18:24–25; 19:1].

After filing her motion, she devoted herself to "practically living in the law library" and performed "exhaustive research" into the particulars of her case. [*Id.* at 20:12; 21:5]. From her research, she "discovered . . . certain details about [her] case which required further expounding upon, hence the supplement to the 2255," in which, for the first time, she raised her claim of ineffective assistance of counsel based on Ms. Brown's alleged failure to appeal her sentence. [*Id.* at 20:18–21]. She did not file this supplemental motion, however, until January 26, 2017.

---

[3] A one-year statute of limitations applies to motions under § 2255. 28 U.S.C. § 2255(f).

According to Ms. Cormier, before filing this motion, she had been unaware that a claim of ineffective assistance of counsel could arise from an attorney's non-observance of a client's request to appeal a sentence. [*Id.* at 20:22–25; 21:1–5; 29:11–14].

Although Ms. Cormier was unfamiliar with the legal contours that comprise a claim of ineffective assistance of counsel until she conducted her research, she acknowledged that she became aware of the *facts* underlying her claim on the day after her sentencing, when she spoke to Ms. Brown by phone:

> Q: You were fully aware on October 20, 2015, that Ms. Brown did not intend to file a notice of appeal, correct?
>
> A: That's correct.
>
> Q: Whether you knew the significance of that or not, you knew those facts, didn't you?
>
> A: Yes, sir.
>
>     . . . .
>
> Q: Is it fair to say then that the reason you did not include the claim of failure to file the notice of appeal in your September 15, 2016 filing is not because you didn't know any of the facts, but because you didn't know the legal significance of those facts?
>
> A: That is correct.

[*Id.* at 42:3–9; 45:1–6; *see id.* at 8:2–19].

After Ms. Cormier's testimony, Ms. Brown returned to the courtroom and offered her testimony, which was consistent with Ms. Cormier's on some fronts. Ms. Brown confirmed that she and Ms. Cormier did broach the topic of an appeal immediately after her sentencing hearing, with each of them agreeing to speak further about it by phone once Ms. Cormier returned to prison. [*Id.* at 52:14–22]. Ms. Brown testified that, within a day or two, they spoke by phone and Ms. Cormier inquired about the prospect of an appeal. [*Id.* at 53:1–8]. According

to Ms. Brown, she stated her opinion that the case, as it related to Ms. Cormier's sentence, lacked appealable issues. [*Id.* at 53:8].

But Ms. Brown refuted the idea that Ms. Cormier asked her to appeal her sentence and that she refused to do so. Ms. Brown testified that while she did share with Ms. Cormier her professional opinion that Ms. Cormier's sentence lacked appealable issues, she also explained to Ms. Cormier that she was nevertheless "absolutely obligated" to appeal that sentence if instructed to do so. [*Id.* at 53:12–17]. According to Ms. Brown, however, Ms. Cormier ultimately "agreed in [her] assessment of the case," "decided not to" pursue an appeal, and did not request an appeal at any point afterwards. [*Id.* at 53:18–25; 54:1; 55:11–13; 57:1–14; 63:14–17].

Ms. Brown then testified that she wrote and mailed a letter to Ms. Cormier, with the intention of confirming their conversation. [*Id.* at 54:1–2]. She produced a copy of this letter, which is dated October 27, 2015, and which reads:

> This letter is to notify you that the Judgment in your case has been filed. I have reviewed the Judgment, and it appears to be correct. I must also inform you of your legal right to appeal the sentence imposed in this case. You have fourteen days (November 5, 2015) from the entry of the Judgment to file a notice of appeal. Though you have the legal right to file a notice of appeal, in accordance with our recent telephone conversation on the matter, I do not believe that you have any arguable legal issues to raise on appeal. Unless you contact the office, I will not be filing a notice of appeal.
>
> Because your case is at a conclusion, we are now closing your file. Should you have any questions or need any information about your case in the future, please do not hesitate to contact this office.

[Letter, Ex. 1, at 1]. Ms. Cormier testified that she did not recognize this letter and never received it, [Hr'g Tr. at 9:10–17], but Ms. Brown countered her testimony by stating that the letter was never returned undelivered to her office, [*id.* at 64:8–13]. Ms. Brown testified that if the letter had been returned undelivered to her office, "there would have been a copy of that

5

resent letter or re-received letter in the file," but "there was nothing to that effect" in the file. [*Id.* at 64:8–21]. In Ms. Brown's view, "whether or not [Ms. Cormier] received [the letter], [the letter's contents are] just support for what occurred on the phone call." [*Id.* at 66:23–24].

At the hearing's conclusion, the parties elected to present closing arguments to the Court rather than file post-hearing memoranda. The Court has reviewed and carefully considered the parties' arguments, in addition to Ms. Cormier's § 2255 motion. The Court is now prepared to rule on Ms. Cormier's motion.

## II.  STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a prisoner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Ms. Cormier claims this precise type of error, maintaining that Ms. Brown's "failure to comply with [her] direct request to file a notice of appeal is a per se violation of the Sixth Amendment." [Pet'r's Suppl. Mot. at 3].

## III. ANALYSIS

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right is the right not merely to representation but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). When a prisoner contests her sentence by raising the specter of ineffective assistance of counsel, she normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). To establish deficient performance, a petitioner must show that her counsel, through the prism of an objective standard of reasonableness, "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* at 687. And to establish prejudice, a petitioner must demonstrate that her counsel's deficient performance was so serious that it deprived her of her fundamental right to due process. *Id.*

But when an attorney fails to follow a client's directive to file a timely appeal, that attorney's performance, as a matter of course, is deficient under an objective standard of reasonableness, and it creates a presumption that the client has suffered prejudice. *See Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004) ("Under the *Strickland* standard, the failure of [the defendant's] attorneys to file a timely appeal on his behalf, despite his purported request that they do so, would fall below an objective standard of reasonableness." (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000))), *abrogated on other grounds by Stone v. Moore*, 644 F.3d 342 (6th Cir. 2011); *see also Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) ("[P]rejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken.' [T]his presumption applies even when the defendant

has signed an appeal waiver." (quoting *Flores-Ortega*, 528 U.S. at 484)). So, in sum, "so long as [Ms. Cormier] can show that 'counsel's constitutionally deficient performance deprive[d] [her] of an appeal that [she] otherwise would have taken,'" this Court "[is] to 'presum[e] prejudice with no further showing from [Ms. Cormier] of the merits of [her] underlying claim[].'" *Garza*, 139 S. Ct. at 747 (quoting *Flores-Ortega*, 528 U.S. at 484)). Ms. Cormier must prove her allegations of ineffective assistance of counsel by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### A. Equitable Tolling

Before reaching the merits of Ms. Cormier's claim of ineffective assistance of counsel, the Court must first address the timeliness of her supplemental § 2255 motion, in which she raises her allegations that Ms. Brown did not honor her request to appeal her sentence. *See Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) ("Before we can reach the merits of the ineffective-assistance-of-counsel-at-trial claim, we must first address the timeliness of [the petitioner's] amended petition."); *but see Pough*, 442 F.3d at 964 ("Even though [the petitioner's] motion may have been untimely, this court need not reach the issue because the motion fails on the merits[.]"). Section 2255's one-year statute of limitations states:

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). In Ms. Cormier's case, § 2255(f)(1) and § 2255(f)(4) are the only relevant subsections.

Under § 2255(f)(1), the Court's judgment against Ms. Cormier became final on the expiration of the last day on which she could have timely appealed that judgment, *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004), and that day was November 5, 2015, the two-week mark from the Court's entry of judgment on October 22, 2015, *see* Fed. R. App. P. 4(b)(1) (providing that a defendant must tender her notice of appeal within fourteen days of a district court's entry of judgment). Ms. Cormier filed her original § 2255 motion on September 15, 2016—within one year of the Court's entry of judgment—so that motion is timely under § 2255(f)(1).

But again, Ms. Cormier's claim against Ms. Brown—specifically, her claim that Ms. Brown was ineffective in her assistance by failing to appeal her sentence—appears in her supplemental motion, and Ms. Cormier has expressed her unmistakable intention for this supplemental motion to "superced[e]," instead of amend, her "original § 2255 motion." [Pet'r's Suppl. Mot at 7]. The Court therefore construes her supplemental motion as the operative pleading. *See Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) (reciting the general rule that a newly filed pleading supersedes an original pleading unless a petitioner "evinces an intent" for it to amend rather than supersede the original pleading (citation omitted)); *Clark v. Johnston*, 413 F. App'x 804, 812 (6th Cir. 2011) ("[The pro se plaintiff] did not clearly indicate

9

that he intended his amended pleading to supplement, rather than supersede, his original pleading. Accordingly, it was appropriate for the district court to rely solely on the amended pleading in making its rulings."); *Valeriano v. United States*, No. 1:15-cv-01278-JDB-egb, 2019 WL 1271030, at *3 n.3 (W.D. Tenn. Mar. 19, 2019) ("Because the inmate has not indicated that he sought to merely supplement the Petition's claims, the Amended Petition supersedes the Petition." (citing Fed. R. Civ. P. 15(a); *Braden*, 817 F.3d at 931)).

Ms. Cormier's supplemental motion is clearly untimely under § 2255(f)(1) because she filed it on January 26, 2017—over a year after her judgment became final—but even so, it can be timely under § 2255(f)(4) if January 26, 2016, is the latest date on which, with the exercise of due diligence, she could have discovered that Ms. Brown refused to file an appeal on her behalf. 28 U.S.C. § 2255(f)(4). But Ms. Cormier testified that by October 20, 2015, through a phone call with Ms. Brown, she had become fully aware that Ms. Brown had no intention of filing an appeal of her sentence:

> Q: You were fully aware on October 20, 2015, that Ms. Brown did not intend to file a notice of appeal, correct?
>
> A: That's correct.
>
> Q: Whether you knew the significance of that or not, you knew those facts, didn't you?
>
> A: Yes, sir.

[Hr'g Tr. at 42:3–9]. Based on this testimony, Ms. Cormier's claim against Ms. Brown was due in this Court on October 20, 2016, one year from the date of her phone conversation with Ms. Brown. *See* 28 U.S.C. § 2255(f)(4) (providing that the statute of limitations begins to run from the date when "the facts supporting the claim or claims presented could have been discovered

that he intended his amended pleading to supplement, rather than supersede, his original pleading. Accordingly, it was appropriate for the district court to rely solely on the amended pleading in making its rulings."); *Valeriano v. United States*, No. 1:15-cv-01278-JDB-egb, 2019 WL 1271030, at *3 n.3 (W.D. Tenn. Mar. 19, 2019) ("Because the inmate has not indicated that he sought to merely supplement the Petition's claims, the Amended Petition supersedes the Petition." (citing Fed. R. Civ. P. 15(a); *Braden*, 817 F.3d at 931)).

Ms. Cormier's supplemental motion is clearly untimely under § 2255(f)(1) because she filed it on January 26, 2017—over a year after her judgment became final—but even so, it can be timely under § 2255(f)(4) if January 26, 2016, is the latest date on which, with the exercise of due diligence, she could have discovered that Ms. Brown refused to file an appeal on her behalf. 28 U.S.C. § 2255(f)(4). But Ms. Cormier testified that by October 20, 2015, through a phone call with Ms. Brown, she had become fully aware that Ms. Brown had no intention of filing an appeal of her sentence:

> Q: You were fully aware on October 20, 2015, that Ms. Brown did not intend to file a notice of appeal, correct?
>
> A: That's correct.
>
> Q: Whether you knew the significance of that or not, you knew those facts, didn't you?
>
> A: Yes, sir.

[Hr'g Tr. at 42:3–9]. Based on this testimony, Ms. Cormier's claim against Ms. Brown was due in this Court on October 20, 2016, one year from the date of her phone conversation with Ms. Brown. *See* 28 U.S.C. § 2255(f)(4) (providing that the statute of limitations begins to run from the date when "the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence"). Her failure to file her supplemental motion containing this claim until January 26, 2017, renders it untimely under § 2255(f)(4).

Because Ms. Cormier's supplemental motion is untimely, the only way that the Court can consider her claim of ineffective assistance of counsel is through the doctrine of equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (determining that § 2255's "one-year limitation period is a statute of limitation subject to the doctrine of equitable tolling"), *abrogated on other grounds by Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011). The doctrine of equitable tolling allows courts to toll, or stop the running of, a statute of limitations when a litigant's failure to meet it "unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quotation omitted). The party requesting equitable tolling bears the burden of establishing her right to it, and in the case of a habeas petitioner, she is entitled to equitable tolling only if she shows (1) she has pursued her rights diligently and (2) some extraordinary circumstances prevented her from timely filing her claim. *Id.*; *see generally Davis v. United States*, 417 U.S. 333, 344 (1974) ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (citation omitted)).[4] "The federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted).

Although Ms. Cormier argues that she encountered extraordinary circumstances en route to filing her supplemental motion because she was "transported several times," "assaulted and hospitalized," and "segregated on several occasions," [Hr'g Tr. at 68:8–12], she acknowledged that she had full access to a law library as early as August 30, 2016—nearly two months before

---

[4] Ms. Cormier does not dispute that she must make this two-pronged showing to establish her right to equitable tolling. [Hr'g Tr. at 67:16–21].

11

the statutory deadline. [*Id.* at 17:10–25; 18:1–2]. From that point on, she was "practically living in the law library researching anything and everything [she] could find related to [her] case and the rules of 2255 proceedings." [*Id.* at 20:12–14]. And importantly, she conceded that she filed her supplemental motion—tardy, as it was—only after discovering that an attorney's failure to honor a client's request to appeal a sentence can constitute ineffective assistance of counsel:

> Q: At the time of your original filing, were you aware that a trial attorney denying your request for a notice of appeal was a claim within an ineffective assistance of counsel claim?
>
> A: I was not.
>
> Q: So it would be your testimony that you discovered that after you were able to actually research and review what claims were available to you?
>
> A: Correct, through exhaustive research, yes, sir.

[*Id.* at 20:22–25; 21:1–5].

In response to this testimony, the United States argues that "a misunderstanding of the law or not having a full knowledge of the case law is not an extraordinary circumstance that would trigger equitable tolling." [*Id.* at 73:18–21]. The United States is correct—ignorance of the law, or a party's need for more time to become acquainted with the law, does not authorize the Court to suspend § 2255's statute of limitations on equitable grounds. *See Ross v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." (citations omitted)); *see also Graham-Humphreys*, 209 F.3d at 561 ("[E]ven a *pro se* litigant, whether a plaintiff or a defendant, is required to follow the law. In particular, a willfully unrepresented *plaintiff* volitionally assumes the risks and accepts the hazards which accompany self-representation." (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993))).

Simply, "[w]hether equitable tolling is warranted is a fact-intensive inquiry," *Simpson*, 624 F.3d at 785–86 (citation omitted), and in this vein, § 2255(f)(4)'s plain language states that the statute of limitations begins to run from the date when "*facts* supporting the claim or claims presented could have been discovered," (emphasis added). The unequivocal facts from the evidentiary hearing show that Ms. Cormier was fully aware by October 20, 2015, that Ms. Brown did not intend to file an appeal on her behalf, establishing that the statutory deadline for her claim of ineffective assistance was October 20, 2016. Also, despite the fact that she was in transit from prison to prison and endured some hardship in prison, she still had nearly two months of access to a law library to form her claims for post-conviction relief, yet she did not include her present claim against Ms. Brown in her original § 2255 motion. [Hr'g Tr. at 17:10–25; 18:1–2]. Her mere discovery, upon further legal research, that "a trial attorney denying [a] request for a notice of appeal was a claim within an ineffective assistance of counsel claim" is insufficient to allow the Court to countenance inclusion of this claim in a belated supplemental motion. [*Id.* at 20:23–25]; *see Graham-Humphreys*, 209 F.3d at 561; *Ross*, 945 F.2d at 1335.

While Ms. Cormier could have conceivably moved to amend the claims in her original motion, rather than supersede them, she did not, either in her filings or during the evidentiary hearing, pursue this course of action. *See generally Watkins v. Deangelo-Kipp*, 854 F.3d 846, 849 (6th Cir. 2017) ("An untimely amendment to a habeas petition 'relates back' to an original petition within the . . . one-year limitations period if the original petition and the amended petition arise out of the same 'conduct, transaction, or occurrence.'" (quoting Fed. R. Civ. P. 15(c)(1)(B)).[5] But even if she had sought to amend her original motion, any contention on her

---

[5] While this case was still in its infancy, Ms. Cormier appeared to argue that she had no need to contend that her supplemental motion relates back to her original motion because the Court granted her "an enlargement of time in which to" file her supplemental motion. [Pet'r's Reply at 3]. But this argument is a mischaracterization of the record. The Court granted Ms. Cormier leave to *file* her supplemental motion; it never granted her a concession

part that her present claim against Ms. Brown relates back to any of her original claims would be dubious if not meritless. *See id.* at 850 ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." (quoting *Cox v. Curtin*, 698 F. Supp. 2d 918, 931 (W.D. Mich. 2010))); *compare* [Pet'r's Suppl. Mot. at 3–9 (alleging that Ms. Brown was ineffective because she failed to file an appeal)], *with* [Pet'r's Original Mot., Doc. 2, at 6–7 (asserting that Ms. Brown was ineffective because she did not "strenuously object to admission into evidence at sentencing of items/documents not included in discovery")]. In sum, Ms. Cormier's untimely claim of ineffective assistance of counsel is not entitled to equitable tolling, and the statute of limitations therefore bars it.

### B. Ineffective Assistance of Counsel

Even if Ms. Cormier's claim were entitled to equitable tolling, it would still fail on the merits. Again, to succeed on her claim, she has to establish by a preponderance of the evidence that Ms. Brown did not follow her directive to appeal her sentence. *Garza*, 139 S. Ct. at 747; *Pough*, 442 F.3d at 964. Ms. Cormier fails to meet her burden.

Ms. Cormier testified that she instructed Ms. Brown to appeal her sentence and that Ms. Brown did not comply with her request, whereas Ms. Brown testified that Ms. Cormier never instructed her to appeal her sentence. Their testimonies are a wash, not amounting to a preponderance of evidence on either side. Apart from her own testimony, Ms. Cormier supplies

---

under the statute of limitations or viewed her motion as timely under the statute of limitations. Besides, her current position that she is entitled to equitable tolling belies any argument on her part that her supplemental motion is timely.

the Court with no other evidence to undergird her claim that she called on Ms. Brown to appeal her sentence.

Ms. Brown, on the other hand, offered the Court her letter, in which she chronicled her phone call with Ms. Cormier from October 20, 2015, and wrote that Ms. Cormier elected not to pursue an appeal of her sentence. In addition, Ms. Brown testified that if the letter had been undelivered, as Ms. Cormier claims was the case, then "there would have been a copy of that resent letter or re-received letter in the file," but "there was nothing to that effect." [Hr'g Tr. at 64:8–21]. Ms. Brown's letter and the absence of an undelivered envelope in the file add up to a preponderance of evidence *against* Ms. Cormier. They support Ms. Brown's version of events, namely her contention that Ms. Cormier did not ask her to file an appeal and that Ms. Cormier not only received the letter but also voiced no objection to it. Ms. Cormier therefore does not meet her burden, and her claim of ineffective assistance of counsel fails on its merits.

### C. Certificate of Appealability

Lastly, the Court must determine whether to issue a certificate of appealability, which is necessary for Mr. Cormier to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claim on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having reached the merits of Ms. Cormier's claim for ineffective assistance of counsel under the Sixth Amendment, the Court does not conclude that reasonable jurists would find its rejection of that claim debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Ms. Cormier.

## IV. Conclusion

Ms. Cormier's claim of ineffective assistance of counsel against Ms. Brown is untimely under § 2255's statute of limitations, and even if her claim were not time-barred, she fails to prove her allegations by a preponderance of the evidence. The Court must therefore conclude that her conviction and sentencing were not in violation of the Sixth Amendment. Her Motion to Vacate, Set Aside, or Correct Her Sentence [Doc. 9] is **DENIED**, and this action is **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE